# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR, et al.,

        Plaintiffs,

v.                               Case No. 21-CV-380

MARRIOTT INTERNATIONAL, INC., et al.,

        Defendants.

## ORDER

In this action, four people, all of whom are representing themselves, seek to sue numerous defendants.

Although Aaron L. Jacobs, Jr., a frequent filer in this district, appears to be the driving force behind the action, the other three individually signed the complaint. That ordinarily would be sufficient to initiate the action but for the fact that one of the purported plaintiffs is a minor.

It is unclear if the minor purports to represent his own interests (he appears to have personally initialed the complaint) or if another plaintiff is purporting to act as his next friend (the minor shares a surname with one of the plaintiffs). The distinction is inconsequential, however, because the case cannot proceed under either circumstance.

A minor cannot proceed *pro se* in federal court, nor can a non-lawyer represent a minor's claim in a case like this. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

Consequently, for the minor to be a plaintiff and for the minor's claims to proceed, the minor must obtain counsel. **<u>If counsel does not appear for the minor within 28 days of the date of this order, the minor may be dismissed as a plaintiff and his claims dismissed without prejudice.</u>**

Next, there are issues with respect to the payment of the filing fee.

Jacobs is incarcerated and therefore subject to the Prison Litigation Reform Act (PLRA). Nonetheless, he argues that the "PLRA filing fee should not apply here" because he "was not arrested and jailed for the incident" "nor is he bringing suit against 'conditions of confinement.'" (ECF No. 5 at 4.) In support of his argument, Jacobs cites two irrelevant cases. (ECF No. 5 at 4 (citing *Brewer v. Philson*, No. 06-1013, 2007 U.S. Dist. LEXIS 2036 (W.D. Ark. Jan. 10, 2007) (holding that the PLRA's exhaustion requirement did not apply to a claim of excessive force in conjunction with arrest but did apply to a claim of excessive force after plaintiff was detained in jail); *Lofton v. Cleveland City Jail Inst. Guard Badge No. 3701*, No. 1:06 CV 1763, 2006 U.S. Dist. LEXIS 79900 (N.D. Ohio Oct. 23, 2006) (same)).) Neither case addressed the proposition Jacobs cited them for—the PLRA's requirement that a prisoner pay the filing fee in installments.

The PLRA is unambiguous when it requires a person to pay the full filing fee if, at the time he files the action, he is a prisoner. 28 U.S.C. § 1915(b); *see also* 28 U.S.C.

§ 1915(h) (defining "prisoner"); *Buie v. Haffman*, No. 17-cv-0738-pp, 2017 U.S. Dist. LEXIS 167069, at *2 (E.D. Wis. Oct. 10, 2017); *Larry v. City of Madison*, No. 08-cv-587-bbc, 2008 U.S. Dist. LEXIS 85937, at *1 (W.D. Wis. Oct. 21, 2008). What matters is the person's status at the time the action is filed, not his status at the time of the events that form the basis for the complaint.

Jacobs was a prisoner under the PLRA at the time he filed this action, and therefore he is subject to the PLRA's payment provisions. **Jacobs must promptly submit an institutional trust account statement within 21 days of the date of this order.**

The court also reminds plaintiffs Florence Gomez and Michael Long that they must submit the Consent/Refusal to Proceed Before a Magistrate Judge form and either pay the $402 filing fee or promptly complete and submit a Request to Proceed in District Court without Prepaying the Filing Fee form. These documents are overdue. (ECF Nos. 3, 4.) **If these forms are not filed within 21 days of the date of this order, Gomez and Long may be dismissed as plaintiffs and their claims dismissed without prejudice.**

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 20th day of April, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge