# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR, et al.,

        Plaintiffs,

v.                                  Case No. 21-CV-380

MARRIOTT INTERNATIONAL, INC., et al.,

        Defendants.

## ORDERS AND RECOMMENDATIONS

In this action, four people, all of whom are representing themselves, seek to sue numerous defendants.

Plaintiff Aaron L. Jacobs, Jr., was incarcerated at the time he filed this action and remains incarcerated. Therefore, the Prison Litigation Reform Act (PLRA) applies to his claims. The court on April 26, 2021, ordered him to pay an initial partial filing fee of $52.67 no later than May 26, 2021. (ECF No. 10.) He has failed to do so.

The court will afford Jacobs a final opportunity to pay this initial partial filing fee. **If Jacobs fails to pay this filing fee by July 12, 2021, his claims may be dismissed.**

On March 26, 2021, the Clerk sent a letter to plaintiff Florence Gomez requesting that within 21 days she complete and return the Consent to Proceed Before a Magistrate

Judge form and also that she either pay the $402 filing fee or submit a Request to Proceed in District Court without Prepaying the Filing Fee form. When Gomez did nothing, on April 20, 2021, the court ordered her to either pay the $402 filing fee or submit a Request to Proceed in District Court without Prepaying the Filing Fee form no later than May 11, 2021. (ECF No. 8.) She has done neither. The court has already explicitly advised Gomez that her inaction may result in the dismissal of her claims. (ECF No. 8 at 3.) Therefore, the court will now recommend that Gomez's claims be dismissed without prejudice for failure to prosecute. *See* Civ. L.R. 41(c) (E.D. Wis.).

Likewise, on March 26, 2021, the Clerk sent a letter to plaintiff Michael Long requesting that within 21 days he complete and return the Consent to Proceed Before a Magistrate Judge form and also that he either pay the $402 filing fee submit a Request to Proceed in District Court without Prepaying the Filing Fee form. Long also did nothing. Therefore, on April 20, 2021, the court ordered Long to either pay the $402 filing fee or submit a Request to Proceed in District Court without Prepaying the Filing Fee form no later than May 11, 2021. (ECF No. 8.)

On May 28, 2021, the court received a letter from Jacobs providing a different address for Long. (ECF No. 14.) On May 14, 2021, the court received from Long a Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 15.) The court also received a Consent to Proceed Before a Magistrate Judge form from Long, but the form was unsigned. (ECF No. 15.) The court sent a new form to Long at the address

provided by Jacobs (ECF No. 19), but that letter was returned as undeliverable. Therefore, the court has not yet received from Long a completed Consent to Proceed Before a Magistrate Judge form.

Long's failure to return the Consent to Proceed Before a Magistrate Judge form as required is a sufficient reason to recommend that his claims be dismissed. However, because Long, unlike Gomez, has demonstrated some diligence, the court will afford him a final opportunity to submit a completed consent form. Long must complete and return this form to the court no later than July 12, 2021. **If Long fails to complete and return this form by July 12, 2021, his claims may be dismissed**.

Turning to Long's Request to Proceed in District Court without Prepaying the Filing Fee, "every litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible." *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). According to the financial information contained in Long's motion (ECF No. 15), he has $480 every month that could be used to pay the costs of this action. *See Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980); *Bryan v. Johnson*, 821 F.2d 455 (7th Cir. 1987); *Dotson v. Blood Ctr.*, 988 F. Supp. 1216, 1218 (E.D. Wis. 1998); *Longbehn*, 169 F.3d at 1083; *Bell v. Affinity Health Greenville*, 2011 U.S. Dist. LEXIS 72964 (E.D. Wis. July 6, 2011). Therefore, the court concludes that Long has the financial resources to pay a at least a portion of the filing fee.

Even though Long is not incarcerated, the PLRA is nonetheless helpful in determining what partial amount he should pay. *See, e.g., Lane v. Pollard*, 2011 U.S. Dist. LEXIS 111024 (W.D. Wis. Sept. 26, 2011). Under the PLRA, an individual is presumed capable of paying up to 20 percent of his average monthly income or his assets toward the filing fee. 28 U.S.C. § 1915(b)(1). Thus, the court shall order Long to pay a filing fee of $96.00, which is 20 percent of the $480 he states he receives each month beyond that which is necessary to cover his expenses. Long shall pay the partial filing fee of $96 not later than July 12, 2021. **If Long fails to pay this $96 partial filing fee by July 12, 2021 his claims may be dismissed.** Upon payment of the $96 filing fee, the requirement that Long pre-pay the remaining $254 will be waived.

Finally, plaintiff JL is a minor. In its April 20, 2021 order the court noted that a minor cannot proceed pro se, nor can anyone other than a lawyer represent a minor. (ECF No. 8 at 2 (citing *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010)).) Jacobs asks the court to "appoint" counsel to represent JL to remedy this problem. (ECF Nos. 11, 14.)

JL, like Long, submitted an unsigned Consent to Proceed Before a Magistrate Judge form. (ECF No. 18.) But because JL is a minor who is not represented by counsel, he cannot consent or refuse to proceed before a magistrate judge. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Therefore, whether the form was signed or not is inconsequential.

Although Jacobs represents that Long is JL's "legal guardian" (ECF No. 14 at 1), and therefore may be an appropriate "next friend" representative for JL's claim, an attorney must ultimately represent JL in federal court. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010); *Johnson v. Collins*, 5 F. App'x 479, 485 (7th Cir. 2001); *Howell v. Manitowoc Cty. DHS*, No. 20-CV-1121-JPS, 2020 U.S. Dist. LEXIS 239476, at *1 (E.D. Wis. Dec. 21, 2020); *Gilbank v. Wood Cty. Dep't of Human Servs.*, No. 20-cv-601-jdp, 2020 U.S. Dist. LEXIS 236049, at *10 (W.D. Wis. Dec. 15, 2020); *Thomas v. Splittorff*, No. 15-cv-00988-NJR, 2015 U.S. Dist. LEXIS 135470, at *3 (S.D. Ill. Oct. 5, 2015); *Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. 1993); *see also Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (citing *Devine v. Indian River County School Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)); *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung*, 906 F.2d at 61; *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)).

As for Jacobs's motion for the appointment of counsel for all the plaintiffs (ECF No. 11), Jacobs cannot file any motion on behalf of any other litigant. Therefore, the court

construes Jacobs's motion as seeking relief only on his behalf. Because Jacobs has not yet paid the initial partial filing fee, this motion is not yet ready for resolution.

Insofar as Jacobs seeks counsel for JL, the motion is improper. Jacobs does not even purport to be JL's "next friend." Based on the record before the court, only Long could present such a motion. Consequently, as a minor who is not represented by counsel, JL is not a proper party in this action. Accordingly, the court will recommend that his claims be dismissed without prejudice. *See Howell v. Manitowoc Cty. DHS*, No. 20-CV-1121-JPS, 2020 U.S. Dist. LEXIS 239476, at *2 (E.D. Wis. Dec. 21, 2020).

Moreover, because JL is not represented by counsel, his motion to proceed without prepayment of the filing fee (ECF No. 17) is improper and will be dismissed.

**IT IS THEREFORE ORDERED** that Jacobs shall pay an initial partial filing fee of **$52.67** no later July 12, 2021. **If Jacobs fails to pay this filing fee by July 12, 2021, his claims may be dismissed.**

**IT IS FURTHER ORDERED** that Long's motion to proceed without prepayment of the filing fee (ECF No. 15) is granted in part as follows. Long shall pay an initial partial filing fee of $96 no later than July 12, 2021. **If Long fails to pay this $96 partial filing fee by July 12, 2021 his claims may be dismissed.** Upon payment of the $96 filing fee, the requirement that Long pre-pay the remaining $254 will be waived.

**IT IS FURTHER ORDERED** that JL's motion to proceed without prepayment of the filing fee (ECF No. 17) is dismissed.

**IT IS FURTHER RECOMMENDED** that Florence Gomez's claims be dismissed, and she be dismissed as a plaintiff pursuant Civil Local Rule 41(c).

**IT IS FURTHER RECOMMENDED** that JL's claims be dismissed, and he be dismissed as a purported plaintiff.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 28th day of June, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge